## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF KANSAS

| | |
|---|---|
| DENNIS W. DOHLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 07-2552 JWL |
| ASPLUNDH TREE EXPERT COMPANY, | ) ) ) |
| Defendant. | ) |

## **PROTECTIVE ORDER**

Pursuant to the agreement and stipulation of the parties and for good cause shown, including the protection of certain potentially confidential or proprietary information or documents ("Confidential Material") which have been or will be disclosed in the course of discovery,

IT IS HEREBY ORDERED, as follows:

1. "Confidential Material" as used herein means any document, deposition transcript or portion thereof), or interrogatory response which contains or refers to any personnel or payroll information regarding defendant's current or former employees, proprietary, or trade secret, or financial information relating to defendant's business or customers, and any personal, medical, psychological, or financial information regarding plaintiff.

2. This order will be binding on any and all parties who so sign. A party who has not yet signed this order may sign this order at any time, even after entry by the Court, but in the event a party which has not yet signed this order wishes to view Confidential Material produced by a party, such party which has not yet signed this order may do so only upon signing same.

3. "Party" as used herein, unless otherwise specified, means any plaintiff or defendant, or their counsel, who has signed this order in accordance with paragraph 2.

4. A party wishing to designate the deposition transcript (or a portion

thereof) of one of its own witnesses, or its interrogatory responses, or any documents it is producing as "Confidential Material" shall do so by affixing a label or stamp to such document designating the item to be "Confidential" or by providing the other party written notice that identifies each document or transcript, by its number label or other identifying marks, that the producing party deems Confidential Material. The designation of a document as Confidential Material shall be done at the time of production. The designation of a deposition (or a portion thereof) shall be done either at the time of the taking of the deposition or within five (5) days after receiving a copy of the deposition transcript. In regard to documents that have been produced or depositions taken prior to the entry of the Protective Order, the parties shall designate any documents or deposition transcript (or a portion thereof) as Confidential material within fourteen (14) days from the entry of this order.

5. All documents produced by any party at any time that contain an employee's personnel or payroll information or plaintiff's personal, medical, psychological or financial information shall automatically be considered "Confidential Material" under this order.

6. All Confidential Material produced by a party during discovery in this case, and summaries of any such Confidential Material, shall be used solely for the purpose of this litigation and shall not be used in or for the preparation of any other lawsuit or proceeding or for any other purpose whatsoever. No copying or summaries of any such Confidential Material shall be made or permitted to be made other than copies and summaries necessary for use in this action by the persons set forth in paragraph 8 below.

7. A party shall not be obligated to challenge the propriety of a designation

of material as "Confidential" at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of documents, interrogatory responses, or deposition testimony as "Confidential," and the parties are unable to resolve such dispute in good faith on an informal basis, the aggrieved party may request appropriate relief from the Court and the party seeking to prevent disclosure shall have the burden of proof that there is good cause for the material to have such protection.  The information shall remain as designated pending disposition of any such motion.

      8.      Until an order by the Court that information designated as "Confidential" is not, in fact, confidential, such information may be disclosed only to the following persons:

      a.      Outside counsel employed by a party, and inside counsel of a party working on this litigation, and the paralegal, secretarial, and clerical employees working under the direct supervision of such counsel;

      b.      Persons who are expressly retained by counsel to a party to assist in the preparation of this litigation for trial, such as independent accountants, statisticians, or economists or other experts, and the staff working under the direct supervision of such persons retained to assist in the preparation of this litigation for trial, provided that such persons have signed an affidavit acknowledging that they have read this stipulation and order and agree to be bound by its terms;

      c.      Defendant Asplundh Tree Expert Co. and plaintiff Dennis Dohle, and any additional parties which sign this order.

      d.      Any other persons with respect to whom counsel for any party has a good faith belief that disclosure is reasonably necessary to render professional services in this litigation; and

      e.      The Court.

9.      Before disclosing any Confidential Material to those persons specified in paragraph 8, subsections (b) and (d) thereof, counsel shall first give a copy of this order to such persons who shall read this order and be fully familiar with the provisions hereof and agree to abide thereby.

10.      Prior to the time of trial or at such earlier time as it becomes necessary for the parties to rely upon Confidential Material in connection with a motion or hearing, the parties shall attempt in good faith to remove the designation of "Confidential" with respect to deposition transcripts and exhibits thereto to the greatest extent possible.

11.      If a party wishes to file any document designated as "Confidential" pursuant to this stipulation and order, the party must first file a motion with the Court and be granted leave to file the particular document under seal.  If leave is granted, such documents, briefs, or other pleadings shall be submitted to the Clerk in an envelope marked: "Confidential Pursuant to Order of [Date], To Be Opened Only By Order of the Court," or words of similar import.  A similar notification shall be placed on the cover page of the document.  The Clerk of the Court is directed to maintain, under seal, all documents, briefs, transcripts, or interrogatory answers that have been so marked.

12.      Within thirty (30) days after the conclusion of this litigation, all originals and copies of any Confidential Material produced by a party, or summaries of such Confidential Material, shall be returned to the producing party.  The provision of this stipulation and order regarding confidentiality shall continue in effect notwithstanding

termination of this litigation.

13. Nothing in this order shall operate to waive the right of any party to this lawsuit to assert objections to the production or admissibility of the Confidential Material. Issues of use or admissibility at trial shall be determined by the Court.

14. This order may be modified by written stipulation signed by the attorneys of record and/or by further order of the Court upon application to the Court, with proper notice.

15. Nothing in this order shall preclude any party from seeking any additional protection with respect to the confidentiality of documents or information.

IT IS SO ORDERED.


Date:  April 14, 2008                              s/David J. Waxse
                                                   David J. Waxse
                                                   U.S. Magistrate Judge



/s/ Timothy E. Power                               April 10, 2008
Timothy E. Power, Esq.                             Date
Power Law Group, P.A.
Santa Fe Law Bldg.
8000 Foster
Overland Park, Kansas  66204
ATTORNEY FOR PLAINTIFF


/s/ Nancy M. Leonard                               April 10, 2008
Nancy M. Leonard, Esq.                             Date
  Constangy, Brooks & Smith, LLC                   Nancy M. Leonard, D. Kan. No. 70782
  2600 Grand Boulevard, Suite 300
  Kansas City, Missouri  64108-4600
  ATTORNEYS FOR DEFENDANT